IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **ALTICE AARON CASHIER**<br>8324 Lagnes Lane<br>Windsor Mill, Maryland 21244<br><br>*Plaintiff*<br><br>v.<br><br>**OFFICER M. GOAD (5635)**<br>Baltimore County Police Department<br>Precinct 1 Wilkens<br>901 Walker Avenue<br>Catonsville, Maryland 21228<br><br>and<br><br>**BALTIMORE COUNTY, MARYLAND**<br><br>    Michael E. Fields, County Attorney<br>    Office of the County Attorney<br>    for Baltimore County<br>    Historic Courthouse<br>    400 Washington Avenue<br>    Towson, MD 21204<br><br><br>    *Defendant* | *<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*   Civil No. **1:15-cv-03860 CCB** |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
FOR MONETARY DAMAGES FOR VIOLATION OF
PLAINTIFF'S CIVIL RIGHTS</u>**

NOW COMES Plaintiff, Altice Aaron Cashier, by and through his undersigned counsel,

Anton L. Iamele and IAMELE & IAMELE, LLP, and hereby sues Defendants, Baltimore County

Police Officer M. Goad (Identification Number 5636) and Baltimore County, Maryland. Plaintiff

Cashier fully incorporates his Original Complaint herein and states further:

**<u>Introduction</u>**

1.  This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, the common law of the State of Maryland, and the Maryland Declaration of Rights against Baltimore County Police Officer Goad in their individual and official capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this court to entertain claims arising under Maryland State law.

2.  It is alleged that the individual defendant named herein made an unreasonable seizure of the person of Plaintiff Altice Aaron Cashier, thereby violating his rights under the Fourth and Fourteenth Amendment of United States Constitution, as well as, the Maryland Declaration of Rights. It is further alleged that the defendant named herein employed unwarranted and excessive force in effecting the seizure at issue in this Complaint.

3.  Defendant Baltimore County, Maryland is liable due to its acquiescence, tolerance, promotion, and furtherance of the known patterns of unlawful conduct, unconstitutional stops, detentions, seizures, and excessive force, as well as, additional acts and omissions that established policies and customs which proximately caused Plaintiff's injuries. Defendant Baltimore County, Maryland is also liable for failing to adequately train, supervise, and discipline the known officers in an effort to deter and/or prevent the unconstitutional and illegal conduct of the officers as described herein.

4.  Venue is proper under 28 U.S.C. § 1391 in that the Plaintiff resides in the State of Maryland, and the causes of action set forth in this Complaint concern events that occurred in Baltimore County, Maryland.

5.  On April 15, 2015 notice of the claims advanced herein was posted in accordance with Maryland's Local Government Tort Claims Acts to the Office of the County Attorney for

Baltimore County. This notice letter was received by the County Attorney and acknowledged receipt of the same through a correspondence authored by Lisa Lynn Peffers on July 20, 2015.

## Parties

6. Plaintiff Altice Aaron Cashier is a citizen of the State of Maryland residing at 8324 Lagnes Lane, Windsor Mill, Maryland 21244.

7. Defendant M. Goad is a duly authorized agent, servant, and/or employee of the Baltimore County Police Department working out of Precinct 1 Wilkens, 901 Walker Avenue, Catonsville, Maryland 21228. At all times relevant to this Complaint, Defendant Goad was acting within the scope and course of employment as a member of the Baltimore County Police Department. He is sued in this case both independently and in his official capacity.

8. Defendant Baltimore County, Maryland is a governmental entity duly incorporated under the laws of Maryland, which was responsible for promulgating customs, procedures, and protocols for the Baltimore County Police Department. At all times relevant to this Complaint, Defendant Baltimore County, Maryland was also responsible for training and supervising its police officers including, but not limited to, Defendant Goad.

## Facts

9. On or about December 16, 2014 at approximately 12:50AM Plaintiff Cashier arrived at a Wal-Mart store located at 3601 Washington Boulevard, Arbutus, Maryland 21227 to purchase a few items.

10. At the aforesaid location two unidentified individuals shoplifted from Wal-Mart. Evan Sokolov, a security officer for Wal-Mart, requested Baltimore County Police Officers to respond

to the scene to assist in apprehending the shoplifters that had left the premises. Defendant Officer Goad responded to the call.

11. Plaintiff Cashier was not the subject of the call for police response.

12. Defendant Officer Goad was unsuccessful at apprehending the unidentified shop lifters and returned to the Wal-Mart.

13. While Plaintiff Cashier was shopping at the Wal-Mart, surveillance cameras observed Plaintiff Cashier in the vicinity of the unidentified shoplifters.

14. Wal-Mart Security Officer Sokolov was directed to check receipts of patrons leaving the store. The purpose of receipt checking was not to apprehend or detain suspects, but to request them to return to a cashier and pay for any previously unpaid for items.

15. As Plaintiff Cashier was exiting the store, Mr. Sokolov requested to see Plaintiff's receipt for the items. Plaintiff Cashier was cooperative and showed Mr. Sokolov two receipts corresponding with store purchases.   Plaintiff Cashier was in the process of searching for a third receipt when he and Mr. Sokolov were approached by Defendant Officer Goad.

16. Notwithstanding the lack of evidence of any criminal conduct or happening, Defendant Officer Goad instructed Plaintiff Cashier to produce a receipt. Before Plaintiff Cashier had an opportunity to produce the final receipt, Defendant Goad  ordered him to proceed to another location in the store in the store for further interrogation.

17. Plaintiff Cashier complied with the directive and began walking in the direction specified by Defendant Goad.  Defendant Goad followed immediately behind Plaintiff Cashier.  At all times prior to the below described physical occurrence, Plaintiff Cashier was oriented with his back to Defendant Goad and was looking away from Defendant Goad.

18. Plaintiff Cahier did not verbally challenge Defendant Goad's directive, physically resist in any manner, or exhibit any threat of potential violence to Defendant Goad, Loss Prevention Officer Sokolov, and/or any third party who was present at the Wal-Mart location.

19. As Plaintiff Cashier was in the process of following Defendant Goad's instructions, and while he was oriented looking away from Defendant Goad, Defendant Goad struck him with a closed fist in the face. The force of the blow caused Plaintiff Cashier to be knocked to the ground. Plaintiff Cashier did not respond and/or retaliate in any manner. While Plaintiff Cashier was on the floor, Defendant Goad placed him in an arm bar and struck him repeatedly.

20. Defendant Goad's use of force was not warranted, objectively reasonable, or lawfully justified.

21. The above described occurrence was recorded by way of closed circuit surveillance equipment installed at the Wal-Mart store.

22. At the time of the assault perpetrated against Plaintiff, Plaintiff Cashier was in possession of three Wal-Mart receipts dated December 16, 2014 and time stamped 01:02:11, 01:01:09, and 01:12:07.

23. Plaintiff Cashier was never formally charged with theft.

24. Plaintiff Cashier was formally charged with second degree assault, failure to obey lawful order, and resisting arrest under the case captioned *State of Maryland v. Altice Aaron* Cashier, District Court of Maryland for Baltimore County Case Number 4C0041078. The charges were predicated upon false reporting of fact included in Statement of Probable Cause authored by Defendant Goad. Defendant Goad falsely reported, among other things:

> a.  "Complainant Sokolov and this officer watched the individual (later identified as [criminal] defendant Altice Cashier) walk through the checkout, pay for some items, but not pay for other items already inside bags defendant Cashier was carrying."

    b.    "Defendant Cashier was getting loud inside the store…."

    c.    "Defendant Cashier refused to go to the office and it was at this time that this officer indicated a direction to walk and at this time told [criminal] Defendant Cashier accompany him to the office."

    d.    "Defendant Cashier aggressively pulled his sleeve from this officer's hand, balled his fists, and began to turn towards this officer in an aggressive manner. This officer then grabbed both sleeves of Defendant Cashier's jacket from behind and prevented him from turning towards this officer. This officer again attempted to escort defendant Cashier to the Loss prevention office when Defendant Cashier began to aggressively attempt to wrestle from this officer's grip."

    e.    "This officer, fearing for his bodily safety told [criminal] Defendant Cashier to put his hands behind his back. Defendant Cashier refused and was at this time that this officer tripped Defendant Cashier and attempted to put Defendant Cashier on the ground."

    f.    "… Defendant Cashier's arm swung out and struck this officer in the mouth."

    g.    "Defendant Cashier was on the ground leaning forward facing this officer with an arm stretched upwards. This officer told Defendant Cashier lay face down and to put his hands behind his back. This officer told Defendant Cashier that he was under arrest. Defendant Cashier failed to comply with all of these officer's orders."

25. None of the foregoing allegations contained in Defendant Goad's Statement of Probable cause were truthful or accurate.

26. Defendant Goad intentionally misrepresented facts when authoring his Statement of Probable Cause with the intent of prompting criminal charges against Plaintiff Cashier and thereby obfuscating his own unlawful conduct, application of excessive force, and conduct in violation of Plaintiff Cashier's clearly established constitutional rights.

27. On December 16, 2014 at approximately 8:35AM Plaintiff Cashier was seen by a Commissioner and was released on his personal recognizance. The criminal charges prompted by Defendant Goad persisted.

28. On April 1, 2015, all charges advanced against Plaintiff Cashier were dismissed. The Assistant State's Attorney handling the matter dismissed all charges on the record and advised the District Court that "there was no evidence of any criminal occurrence."

29. Plaintiff Cashier did not physically resist or otherwise assault the Defendant Officer in any way, and the force directed against him was unnecessary, unreasonable, and excessive.

30. At no time during the events described above, was Plaintiff Cashier a threat to Officer Goad or any other person present in the Wal-Mart.

31. Plaintiff Cashier did not commit any criminal offenses before or during the above described encounter with the Defendant Goad.

32. Defendant Goad had no warrant for the arrest of Plaintiff Cashier, no probable cause for the arrest of Plaintiff Cashier, and no legal cause or excuse to seize the person of Plaintiff Cashier.

33. As a direct result of the assault perpetrated by Defendant Goad, Plaintiff Cashier has suffered serious and permanent physical injuries. He also suffered a loss of earnings to the extent that he was unable to further his employment as a security guard or continue an ongoing process towards obtaining a firearms carry permit.

34. In addition to the physical injuries described herein, Plaintiff Cashier suffered the following injuries and damages:

      a. Violation of his well established constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution to be free from an unreasonable search and seizure of his person;

      b. Violation of his constitutional rights under the Maryland Declaration of Rights clearly established and well settled state constitutional rights under the

        Maryland Declaration of Rights Articles 24 and 26 including, but not limited to: Freedom from the use of excessive, unreasonable, and unjustified force against his person;

   c. Loss of his physical liberty;

   d. Physical pain and suffering;

   e. Emotional trauma and suffering, embarrassment, and mental anguish;

   f. Lost wages and loss of future earning potential;

   g. And has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant Officer.

35. The actions of the Defendant Officer Goad violated the following clearly established and well settled federal and state constitutional rights of Plaintiff Cashier:

   a. Freedom from the unreasonable seizure of his person; and

   b. Freedom from the use of excessive, unreasonable, and unjustified force against his person.

36. Loss Prevention Officer Sokolov was troubled by the aforementioned events that he had witnessed and made a formal reporting to the Baltimore County Police Department Internal Affairs Section. Mr. Sokolov advised investigating IAD officers that (1) there was no indication that Plaintiff Cashier had committed any criminal activity prior to the above described assault; (2) he had not requested that Defendant Officer Goad intervene in his encounter with Plaintiff Cashier, or detain or arrest Plaintiff Cashier; (3) Plaintiff Cashier had not acted in any overtly threatening or physical manner toward Defendant Goad; and (4) he had personally observed Defendant Goad utilize excessive and unnecessary force.

37. Loss Prevention Officer Sokolov further produced a copy of the CCTV surveillance footage of the subject encounter. This footage was plainly dispositive of Defendant Goad's account of the subject occurrence, the necessity of force, and the validity of the criminal charges. A review of the surveillance footage would have necessarily compelled a conclusion that Defendant Goad arrested Plaintiff Cashier without probable cause and also subjected him to excessive force.

38. Despite the overwhelming evidence of misconduct on the part of Defendant Goad, the Baltimore County Police Department IAD and hierarchy dismissed Loss Prevention Officer Sokolov's reporting as unfounded. Mr. Sokolov was advised by investigating officers that Defendant Goad was a "good guy" who should not face discipline and further advised him that his observation of the subject event were somehow inaccurate.

39. By summarily dismissing Mr. Sokolov's allegations of misconduct, the Baltimore County Police Department IAD and hierarchy acted in a manner that was consistent with internal policy and custom shielding officers and allowing for misconduct/extra-constitutional behavior to go unchecked.  The Baltimore County Police Department has historically, and presently continues to, ignore instances of misconduct to the detriment of the general public, including Plaintiff Cashier.

40. The Baltimore County Police Department, in historically acquiescing to instances of excessive force, has established a governmental policy or custom that may fairly be said to represent official policy.

41. Acting in accordance with the policy or custom, Defendant Goad subsequently attacked another detainee without cause or reasonable justification. It is also the knowledge and belief of

Plaintiff Cashier, and accordingly averred as fact, that Defendant Goad had engaged unchecked acts of misconduct and excessive force prior to the subject occurrence described herein,

## COUNT I – BATTERY
### (Plaintiff Altice Aaron Cashier v. Defendant Officer M. Goad)

42. Plaintiff Cashier hereby incorporates Paragraphs 1 through 41 as if fully restated herein.

43. Defendant Officer M. Goad engaged in intentional acts of unlawful conduct with Plaintiff Cashier such that the Plaintiff sustained serious and permanent injuries.

44. Defendant Officer M. Goad utilized unreasonable, unlawful, and excessive force by, among other things, taking Plaintiff to the ground, striking Plaintiff in the face repeatedly, and placing Plaintiff's left arm in a twist lock.

45. Plaintiff Cashier in no way consented to the described contact by Defendant Officer Goad; in no way provoked, contributed to, or in any way presented just or reasonable cause for Defendant Officer Goad to act as he did; and did nothing to contribute to the unlawful touching that Defendant Officer Goad inflicted upon him.

46. The conduct of Defendant Officer Goad was without legal justification and was improperly motivated by ill will and actual malice – including, but not limited to, a desire to inflict pain, suffering, and injury upon the Plaintiff.

47. As a direct and proximate result of the assault perpetrated Defendant Officer Goad, Plaintiff Cashier sustained significant injuries, medical bills, and psychological damages.

## COUNT II-FALSE ARREST
### (Plaintiff Altice Aaron Cashier v. Defendant Officer M. Goad)

48. Plaintiff Cashier hereby incorporates Paragraphs 1 through 47 as if fully restated herein.

49. Defendant Officers Goad did not have any rational reason to believe that Plaintiff Cashier had engaged in any crime, resisted arrest, or committed an assault and were therefore without

lawful authority or adequate probable cause to detain/arrest the Plaintiff. Plaintiff Cashier was nevertheless detained as described herein.

50. The false arrest perpetrated by Defendant Officer Goad was made without warrant and without probable cause to support a lawful arrest.

51. The conduct attributed to Defendant Officer Goad demonstrated ill will, improper motivation, and actual malice on the part of the Defendant.

52. As a direct consequence in result of the acts of Defendant Officer Goad described herein, the Plaintiff was deprived of his liberty, was caused to suffer permanent physical injuries, and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant.

53. The Plaintiff has also suffered additional injuries which are not expressly enumerated herein.

## COUNT III-FALSE IMPRISONMENT
**(Plaintiff Altice Aaron Cashier v. Defendant Officer M. Goad)**

54. Plaintiff Cashier hereby incorporates Paragraphs 1 through 53 as if fully restated herein.

55. Defendant Officer Goad falsely imprisoned the Plaintiff throughout the course of events described herein. The instances of a false imprisonment include, but are not limited to, the time periods during which Plaintiff Cashier was (1) striking Plaintiff in the face repeatedly, (2) forcefully taken to the ground by Defendant Officer Goad (3) restrained by Defendant Officer Goad with his left arm in a twist lock; (4) detention in Defendant Goad's police cruiser, and (5) detention at Baltimore County Police Department Precinct 1 Wilkens.

56. The actions of Defendant Officer Goad caused Plaintiff Drury to be unlawfully deprived of his liberty, unable to escape a vicious attack, and incapable of seeking necessary medical attention.

57. As a result of the unlawful conduct described herein, Plaintiff Cashier was detained against his will and sustained significant injuries and damages described herein.

58. The Defendant's actions demonstrate ill will, improper motivation, evil purpose, and/or actual malice.

59. As a direct consequence in result of the acts of Defendant Officer Goad described herein, the Plaintiff was deprived of his liberty, was caused to suffer permanent physical injuries, and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant. The Plaintiff has also suffered additional injuries which are not expressly enumerated herein.

### COUNT IV – MALICIOUS PROSECUTION
**(Plaintiff Altice Aaron Cashier v. Defendant Officer M. Goad)**

60. Plaintiff Cashier hereby incorporates Paragraphs 1 through 59 as if fully restated herein.

61. Defendant Cashier initiated a baseless prosecution against Plaintiff Cashier, and continued to expose him to legal jeopardy until his case was formally dismissed.

62. The proceedings were instituted and continued without probable cause.

63. The proceeding terminated in Plaintiff Cashier's favor with the State of Maryland declining to prosecute the charges.

64. The proceeding was initiated and continued with actual malice or with an ulterior motive, other than the pursuit of justice.

65. As a result of Defendant Goad's conduct and action, Plaintiff has suffered and will continue to suffer, severe mental and emotional distress, loss of reputation, anguish, medical and other related expenses, and loss of income.

### COUNT V – VIOLATION OF
### MARYLAND STATE DECLARATION OF RIGHTS
**(Plaintiff Altice Aaron Cashier v. Defendant Officer M. Goad)**

66. Plaintiff Cashier hereby incorporates Paragraphs 1 through 65 as if fully restated herein.

67. As a direct and proximate result of the actions and omissions of Defendant Officer Goad, described herein, all of which were committed under the color of his authority as a members of the Baltimore County Police Department and while acting in the capacity of duly authorized police officer, Plaintiff Cashier was deprived of rights and immunities secured to him under the Maryland Declaration of Rights – in particular, his right not to be subjected excessive force during the course of an ongoing arrest, his rights to the security of his person and freedom from arrest except upon probable cause, as well as his right not to be deprived of liberty without due process of the law.

68. As a direct consequence and result of the actions and omissions of Defendant Officer Goad described herein, Plaintiff Cashier was deprived of his liberty; was caused to suffer physical injuries; lost time from his employment; and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant.

**COUNT VI – VIOLATION OF 42 U.S.C. 1983 –
FOURTH AND FOURTEENTH AMENDMENTS**
(Plaintiff Altice Aaron Cashier v. Defendant Officer M. Goad)

69. Plaintiff Cashier hereby incorporates Paragraphs 1 through 65 as if fully restated herein.

70. At all times relevant to this Complaint, Plaintiff Cashier had rights afforded to him by the Fourth and Fourteenth Amendments to the United States Constitution not to have his person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of his liberty without due process of the law; not to be subjected to excessive force during the course of an arrest; not to be unreasonably denied necessary medical treatment; and not to be summarily punished.

71. At all times relevant herein, Defendant Officer Goad was acting under the color of State and local law and as a member of the Baltimore County Police Department. His conduct therefore triggers 42 U.S.C. §1983.

72. Defendant Officer Goad's actions and omissions deprived Plaintiff Cashier of his clearly established and well-settled constitutional rights.

73. Defendant Officer Goad knowingly acted to deprive the Plaintiff of his constitutional rights maliciously and with reckless disregard. Defendant Officer Goad also conspired with other members of the Baltimore County Police Department who were present on the scene to act in an unlawful manner that would violate the Plaintiff's Constitutional Rights.

74. Plaintiff Cashier claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Officer Goad for violation of his constitutional rights under color of law.

### COUNT VII – CONSTITUTIONAL CLAIM ARISING UNDER MARYLAND STATE DECLARATION OF RIGHTS AND *LONGTIN* CLAIM
**(Indirect Liability by Plaintiff Altice Aaron Cashier v. Defendant Baltimore County Maryland)**

75. Plaintiff Cahier hereby incorporates Paragraphs 1 through 65 as if fully restated herein.

76. Defendant Goad's use of excessive force to effect Plaintiff Cahier's unlawful arrest, detention, false imprisonment, battery, and the actual malicious character of his arrest occurred as a direct result of a policy, custom, or usage of Defendant Baltimore County.

77. Under this custom, practice, or usage, the Defendant Baltimore County Maryland:

   a. Encouraged, acquiesced in, or condoned the use of excessive force in effecting Plaintiff Drury's arrest;

   b. Encouraged, acquiesced in, or condoned the use of falsity to arrest, detain, and imprison him;

  c. Failed to adequately investigate, punish, or otherwise discourage the use of excessively forceful means to effect arrests of individuals and effecting unlawful arrests; and

  d. Failed to adequately train and supervise the constitutionally permissible limits upon use of force, and the proper way of effecting detentions and arrests.

78. By illegally seizing and detaining Plaintiff Cashier, Defendant Baltimore County abridged the rights, privileges and immunities guaranteed to Plaintiff Cashier under Articles 24 and 26 of the Maryland Declaration of Rights. Moreover, Plaintiff Cashier has suffered damages by being unlawfully held against his will, suffered damage to his reputation, and will continue to suffer severe emotional distress and anguish, loss of reputation, loss of income, and other damages.

<u>COUNT VIII – UNDER 42 U.S.C. 1983 FOR INADEQUATE SUPERVISION AND DISCIPLINE</u>
**(Plaintiff Altice Aaron Cashier v. Defendant Baltimore County Maryland)**

79. Plaintiff Cahier hereby incorporates Paragraphs 1 through 65 and 75 through 78 as if fully restated herein.

80. Defendant Baltimore County, through police administration, specifically through supervisory personnel and other police officers responsible for conducting internal investigations, investigating warrantless arrests, authorized, ratified, acquiesced to, perpetuated and otherwise failed to adequately correct the unlawful and improper conduct of Defendant Goad identified herein.

81. Defendant Baltimore County, through police administration, failed to adequately supervise Defendant Goad and acquiesced to his unconstitutional practices, by among other

things, permitting the unlawful detention of Plaintiff Cashier to continue unabated and allow for criminal charges to be advanced against Plaintiff Cashier.

82. The failure of Defendant Baltimore County, through police administration, to properly supervise and control the conduct of Defendant Goad was a direct proximate cause of Plaintiff Cashier's injuries identified herein.

83. At all times relevant to this Complaint, Defendant Baltimore County had an actual and ready ability to shield Plaintiff Cashier from the continuing constitutional deprivations by way of supervision, corrective action and discipline aimed at Defendant Goad.

## COUNT IX – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983 – *MONELL* CLAIM
**(Plaintiff Altice Aaron Cashier v. Defendant Baltimore County Maryland)**

84. Plaintiff Cashier hereby incorporates Paragraphs 1 through 65 and 75 through 83 as if fully restated herein.

85. Prior to December of 2014, Baltimore County developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Baltimore County, which caused the violation of Plaintiff Cashier's rights.

86. It was the policy and/or custom of Baltimore County to inadequately and improperly investigate warrantless arrests, citizen complaints of police misconduct, and unlawful warrantless arrests and acts of misconduct were instead tolerated by Baltimore County, including but not limited to episodes of misconduct involving Defendant Goad.

87. It was further the policy and/or custom of Baltimore County to inadequately supervise and train its police officers, including the Defendant Goad, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

88. As a result of the above described policies and customs, police officers of the Baltimore County Police Department, including the Defendant Goad, believed that their actions would not be properly monitored by supervisory officials and that misconduct would not be investigated or sanctions, but would be tolerated.

89. The above described policies and customs demonstrated a deliberate indifference on the part of policy makers of Baltimore County to the constitutional rights of persons within Baltimore County and were the cause of the violations of Plaintiff's rights alleged herein.

WHEREFORE, Plaintiff Altice Aaron Cashier hereby requests that this Honorable Court:

(A)  Award the Plaintiff actual, compensatory, and consequential damages in an amount to be determined at trial against Defendant Baltimore County Police Officer M. Goad and Defendant Baltimore County, Maryland jointly and severally;

(B) Award Plaintiff punitive damages in an amount to be determined at trial against Defendant Baltimore County Police Officer M. Goad;

(C) Award costs of this action to the Plaintiff;

(D) Award the Plaintiff reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §§ 1983 and 1988; and

(E) Award such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

IAMELE & IAMELE, LLP


_____- s- _____
Anton L. Iamele, Federal Bar No. 14845
201 North Charles Street, Suite 400
Baltimore, Maryland 21201
410-779-6160 (Telephone)
410-779-6161 (Facsimile)
aiamele@iamelelaw.com


_____- s- _____
Alyssa M. Abramat, Federal Bar No. 14132
201 North Charles Street, Suite 400
Baltimore, Maryland 21201
410-779-6160 (Telephone)
410-779-6161 (Facsimile)
aabramat@iamelelaw.com

*Counsel for Plaintiff, Altice Aaron Cashier*

## **PRAYER FOR JURY TRIAL**

Plaintiff hereby requests that all issues raised in this Complaint be decided by way of a jury trial.

_____s- _____
Anton L. Iamele

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this **8th** day of April**, 2016**, a copy of the foregoing Amended Complaint was transmitted by way of this Court's electronic filing system and sent by first-class, postage prepaid mail, to the following:

>James S. Ruckle, Jr., Esquire
>Jordan Watts, Jr., Esquire
>Old Courthouse, Room 219
>400 Washington Avenue
>Towson, Maryland 21204

_____- s-_____
Anton L. Iamele